IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JAMES EDWARD BAGLEY, | ) | Bankr. Case No. 05-15195-MAM-7) |
| | ) | |
| Debtor. | ) | CIVIL ACTION 05-0676-WS-B |
| | ) | |

**ORDER**

On November 7, 2005, the debtor filed a notice of appeal from the Bankruptcy Court's order denying his motion to proceed in forma pauperis. The appeal was docketed by the Clerk of the District Court on November 21, 2005 pursuant to Bankruptcy Rule 8007. The following day, the Clerk sent notice to the debtor that the appeal had been docketed. The notice included the following warning:

> All parties are respectfully reminded that their briefs will be due within the time schedule set forth by Bankruptcy Rule 8009. Failure to comply with the schedule for filing briefs imposed by Bankruptcy Rule 8009 may result in the imposition of sanctions, up to and including dismissal of the appeal.

(Doc. 2).

"The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007." Bankr. Rule 8009(a)(1). Thus, the debtor's brief was due on or before December 7, 2005. The debtor has not filed a brief. His only effort to prosecute his appeal is the untimely filing of a written request for transcript, which was an exercise in futility as no proceedings had been transcribed and none were requested in the filing. (Bankr. Case No. 05-15195-MAM, Doc. 14).

Although the timely filing of an appellate brief is not jurisdictional, dismissal is appropriate in the event of "bad faith, negligence or indifference." *In re: Beverly Manufacturing Corp.*, 778 F.2d 666, 667 (11th Cir. 1985). Dismissal is especially appropriate when there has been a "complete failure to take any steps other than the mere filing of a notice of appeal." *Id*. Because the debtor was apprised of the filing requirement, his failure to comply with it for a period exceeding two months cannot be construed as anything other than negligence or indifference. His failure to pay the $250 filing fee for the appeal or even to seek relief from that

requirement, even after being notified of the requirement by the Clerk of the Bankruptcy Court in November 2005, (Doc. 1, part 2), suggests indifference as the more likely cause and fully supports dismissal of the appeal.  *Cf. In re: Davis*, 2001 WL 34113856 (M.D. Fla. 2001) (dismissing appeal on similar facts).

For the reasons set forth above, the debtor's appeal is **dismissed**.

DONE and ORDERED this 2nd day of February, 2006.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE